MR. Rubin Crain IV #12023160

c/o Dallas County Bureau #2W02

P.O. Box 660334

Dallas, Texas #75266-0334

(469) 508-1979 cellphone 24/7

249,450-05

January 7th, 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS
JAN 09 2015
Abel Acosta, Clerk

RE: Ex Parte Rubin Crain IV

CCA No.# WR-49,450-04

Writ No.# W12-54318-U-(b)

Trial Ct. No.# F12-54318-U-(A)

To The Honorable Clerk, Abel Acosta:

Good Morning!" With all due respect... Will you 'PLEASE' file, process, and format this enclosed "petition for writ of Mandamus w/written order to leave pursuant to writ No.# W12-54318-U(b) Habeas Corpus, Art. 811.073(d), Sec. 4(1)(c)" within the law and local rules of the Court of Criminal Appeals in Austin, Texas?"

Your assistance is highly appreciated... God bless, and have a wonderful (peaceful) day!

Respectfully Submitted,

Rubin Crain IV

C.C. RCIV

* solo page *

# Court of Criminal Appeals
## Austin, Texas

---

### ✳ Ex Parte Rubin Crain IV ✳

"Petition For Writ OF Mandamus With Written Order To Leave Pursuant To Writ No.# W12-54318-4(b) Habeas Corpus, Article§ 11.07 3(d), Section 4(1)(c)"

---

Trial Court No.# F12-54318-4(A)
CCA No.# WR-49,450-04
Fifth Circuit Court No.# 05-14-01623-CV
Writ No.# W12-54318-4(b)

---

IN THE CRIMINAL DISTRICT COURT No.# 7
of Dallas County, Dallas, Texas

---

By: Rubin Crain IV #12023660
C/o Dallas County Bureau #2W02
P.O. Box 668334
Dallas, Texas #75266-0334
(469) 508-1979 cellphone 24/7

(#2015, Tex. App. Court)

C.C.R IV

TO THE HONORABLE JUSTICE OF SAID COURT:

COMES NOW, Rubin Crain IV, #12023660, files (PRO SE) HEREIN the REQUIRED WRITTEN ORDER (MOTION) FOR LEAVE to PROPERLY FILE the ORIGINAL APPLICATION FOR WRIT OF MANDAMUS IN ACCORDANCE WITH the PREVIOUSLY FILED WRIT OF HABEAS CORPUS PENDING UNDER (WRIT NO.# W1254318-4(b)(DALLAS, TEXAS, #2014 Tex.App.) At Article$11.07 ACCORDINGLY to this "Court of Inquiry", AS FOLLOWS:

## (I.) STANDARD OF REVIEW

PETITIONER AVERS that (PRO SE) LITIGATION WAS EXECUTED WHILE being "IN CUSTODY" AT TARRANT COUNTY JAIL from the DATE OF COMMISSION FOR OFFENSE (FORGERY) IN CAUSE NO.#0658113D, AT the CRIMINAL DISTRICT COURT NO.#213 OF FORT WORTH, TARRANT, TEXAS; ON-OR-ABOUT AUGUST 24th, 1997·fil·JANUARY 24th, 1998 IN ACCORDANCE WITH A PLEA AGREEMENT to A FIVE (5) YEAR TDCJ·I.D. SENTENCE AND PUNISHMENT (JUDGMENT OF FINAL CONVICTION PROVISION) that the "CRIMINAL DOCKET REPORT" WILL PROVIDE the PREPONDERANCE OF EVIDENCE WITHHELD by the DALLAS COUNTY PROSECUTOR(S) to the BARRED TEN·YEAR STATUTE OF LIMITATIONS AND VENUE APPLICABLE to the OFFENSE (Id.) ACCORDING to Article$12.01 (2)(c) OF CHAPTER 12 (TEX. Code of CRIM. PROC.) that HAS BECAME A "COURT OF INQUIRY" that ENABLE the INQUIRY WHICH SEEKS ADEQUATE TIME·SERVED CREDIT that belongs to the APPLICANT, i.E.... REGARDLESS, how the ILLEGAL ENHANCEMENT USAGE OF

Page 2 of 8.

C.C. RCIV

this BARRED offense for conviction of the (FORGERY), to INCREASE punishment RANGE in ACCORDANCE with (Article §12.425 (Tex. Penal Code. Ann) that the ineffective ASSISTANCE of counsel at trial, AND ON appeal in the Criminal District Court NO.#7 of Dallas County, Texas; At Cause No.#F12-54318-4 under the claim of "double* jeopardy" AND "ex post facto" violations that does Attack the validity of the former (Final) conviction under the "criminal code" that's been MANDATE ineffectively AS A collateral ADVERSE consequences AND/or Attack(s) that pertain's to the legislature established limitation AND venue period's within statutory deadline. Further, wherewith, has stated AS A controverted, previously unresolved facts material to legality of applicant's confinement AND requiring resolution At Article §11.07 (SEE: Ex parte "CRAIN" At Cause No.# W12-54318-4 (6) Dallas, Texas, 2014 Tex. App.) pursuant to this "Mandamus" of Ascertainment of facts AND conclusions At law, AND in equity, which ARE justly entitled to Matter of law.

## (II.) Arguments And Authorities

Petitioner Avers that since legislature has A limitation AND venue AVAILABLE for collateral Attack(s) AND/or illegal confinement of post* conviction remedies to the pending habeas Corpus that shall be contend by this "Mandamus"... wherewith, the cognizable of conviction for offense (FORGERY)(Id.) does challenge's the commission AND actual jail*time of county credits that's Rightfully

c.c. RCW

the petitioner's REGARDLESS, AT LAW. AND IN EQUITY; thus, IN AND OF itself, will COMPEL the PRIOR CONVICTION (CONFINEMENT) RECORDS TO REFLECT the SAME, WHERE the CONVICTING COURT did NOT ENTER ADEQUATE "JUDGMENT" to FINDINGS OF FACTS -NOR- CONCLUSIONS OF LAW due to the (PRO SE) litigation (IN RE: RUBIN CRAIN IV, #1997 TARRANT COUNTY, TX, Oct. 1997 AT CRIMINAL DISTRICT COURT #7) of the FACTUAL FINDINGS -OR- GENUINE ISSUES FOR MATTER OF LAW, which would HAVE PROVED (PRIMA FACIE CLAIM) of the possibility TO ACTUAL INNOCENCE of the OFFENSE (FORGERY) CONVICTION, CONFINEMENT, AND THAN ENHANCEMENT. "Although, A PLEA BARGAIN CAME ABOUT TO RECTIFY the due PROCESS VIOLATION AS WELL AS the INEFFECTIVE ASSISTANCE of COUNSEL of "ABUSIVE TACTICS" WAY BACK THEN ... WHEREAS, the CONSTITUTIONAL VIOLATION that DEPRIVED the RIGHTS to the 5th, 6th, 13th, AND 14th AMENDMENTS ACCORDINGLY to the OMITTED FLAT*TIME (COUNTY JAIL CREDITS) of FOUR -OR- MORE MONTHS of the #1997 YEAR UNDER the 'IN * CUSTODY' PROVISION; that's WELL* ESTABLISHED by the TARRANT COUNTY DISTRICT CLERK'S RECORDS OFFICE, AT FORT WORTH, TEXAS, CAUSE NO.# 0658113D (FORGERY-PASS.) of A SENTENCE/PUNISHMENT (JUDGMENT) that WAS FULFILLED DAY-FOR-DAY of FIVE (5) YEARS TDCJ* I.D. AS WELL AS AN ADDITIONAL FOUR; OR, MORE MONTHS of UNADDED "CONFINEMENT" INVOLVING the POST* CONVICTION FOR the OFFENSE". "However, that OFFENSE CONSTITUTES the STATE'S "UNKNOWING" USE of FALSE INFORMATION that HAS A LIMITATION AND VENUE

C.C. RCIV

provision that barred the offense (Forgery) for the double jeopardy (Note: double dipping format of law); or, fundamental clerical error, or any usage at trial for punishment range enhancement -OR- paragraph in accordance with Article § 12.425 (Tex. Penal Code) that violated applicant's due process rights; that's a legal basis for "Relief" and/or "dismissal" as such (SEE: Ex Parte Rubin Crain IV, Case No. #05-14-01623-CV, 5th Court of App, 2014 Dallas, TX, Dec. 30th, 2014) as well as (Ex Parte Rubin Crain IV, CCA No. #WR-49,450-04, at (Writ No. # W12-54318-4(b) Tex. App.) for (Tr. Ct. Case No. # F12-54318-4, (2015 Tex. App, PDR) Jan. 9th, 2015 CCA.)) pursuant to the "unknowing use due process claim" according to the "double jeopardy" and/or "ex post facto" clause of law.... therein, the burden of proof toll the limitation -OR- Venue alone enable the inquiry into the "missing time-credits" in county custody at Tarrant", all waivers, notices, agreements, threats made to obtain information -OR- a guilty plea; or, conviction, confinement, and any missing ~ stipulations of abusive tactics as well as the very well-established ineffective assistance of counsel; and jurisdiction, or the convicting court's ministerial duty(s) to make "Judgment" on legislative 'Acts' of intent in 'Open Court' under the sentence/punishment adequate guidelines according to the "Penal Code" and the "Criminal Code" provision(s) that contended the illegal extra

Page 5 of 8.

C.C.RCIV

"IN CUSTODY" of the inappropriate confinement of an excessive amount of unrecorded jail-time that's on the face of the actual "CRIMINAL DOCKET FILE" for the (FORGERY-POSS.) offense at TARRANT County BUREAU."

"FURTHERMORE, the (PRIMA FACIE) defacto" of the proceedings shows that the petitioner is actually being confined illegally; and by providing facts sufficient to establish by a preponderance of the evidence at limitation and/or venue (VESTED JURISDICTION) that, but for a 'double jeopardy violation'; or (BRADY), NO rational juror could have found the petitioner guilty of the challenged offense; herein, for the enhancement of range to punishment beyond the reasonable doubt speculation that the STATE'S malice prosecution failed to acknowledged the basis for "NOTICE OF ENHANCEMENT" on mistaken ~ interpretation that was "MISREPRESENTED" and/or a "FISHING EXPERIDICTION" to obtain said punishment against the limitation and venue clause of law that would serve NO legitimate to the STATE'S non-factual findings •NOR• conclusions of law to enforce such an usual rule(s) of procedural or enhancement for default as it stands ..... thereupon; has deprived and extremely violated the 5th and 6th AMENDMENT RIGHTS pursuant to the united states constitution in accordance with the ARTICLES 3, SEC.(2) that's secured within due process."

Page 6 of 8.

C.C.-RCII

## Conclusion (s)

Accordingly, Petitioner, Rubin Crain IV, Asks this Honorable Court to sustain his "Motion Of Written Order To Leave of filing" the "Petition For Writ of Mandamus"; and for such other and further relief, general and special, At law and in equity, to which applicant may be justly entitled According to justice.

Respectfully Submitted,

Rubin Crain IV

## Unsworn Declaration

"I, herein swear under the penalty of perjury that the foregoing documents' Are true and correct. Executed on 9th day of January ,2015."

Sincerely,

Rubin Crain IV

## Certificate For Service

"I, hereby certify that a copy(s) of the foregoing documents' has been U.S. Mailed to the court of criminal Appeals At Austin, Texas: Office of the

C.C. RcIV

CLERK, "Abel Acosta", to file, process, and format Accordingly to law and Local Rules of the Court."

Respectfully,

Rubin Crain III

... with all due Respect."

* Court of Criminal Appeals No.# WR-49,450-04 *
#2015, Tex. App. Court
(Jan. 9th, 2015)

"Petition For Writ OF Mandamus w/ Written Order To Leave Pursuant To Writ No.# W12-54318-y(b) Habeas Corpus, Art. §11.073(d), Sec. 4(1)(c)"

Applicant,

C. C. RcIII

Page 8 of 8.